IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EVERETT LEONARD GIVENS  :
   :
v.  :  Civil No. CCB-04-731
   :
PRIME OFFICE PRODUCTS  :

...o0o...

MEMORANDUM

Now pending before the court is plaintiff's motion for leave to file an opposition to defendant's motion for summary judgment out of time and his request to reopen discovery. The issues in this motion have been fully briefed and no hearing is necessary. See Local Rule 105.6. For the reasons stated below, the plaintiff's motion to file a response will be granted but his request to reopen discovery will be denied.

BACKGROUND

Everett Leonard Givens ("Givens") was a delivery driver for Prime Office Products. Givens instituted this suit *pro se* on or about March 11, 2004, alleging that his employment was terminated based on his race and age. (Givens Compl.) On or about October 22, 2004, after the court issued its scheduling order, Givens retained counsel to assist him. (Givens Mot. to Withdraw Appearance at ¶ 2.) Though the original discovery cut-off date was December 15, 2004, the parties agreed and filed a joint motion to enlarge the time for discovery to February 28, 2005. Givens set the deposition of John Wallace, a supervisor at Prime Office Products, for February 9, 2005 and for other officers or agents of the defendant for February 10, 2005. (Def.'s Opp'n to Pl.'s Mot., Exs. 4, 5.) The parties again stipulated to enlarge the time until April 30, 2005. (Id. at Ex. 6.) Givens was not able to conduct the depositions as scheduled, and rescheduled them for April 27 and 28, 2005. (Def.'s Opp'n to Pl.'s Mot. at 3.) On April 25, 2005, Givens cancelled the depositions, requiring defendant to pay the cost of its counsel's

cancelled flight from California to Maryland. (Id.) Despite the expiration of the discovery deadline, defendant's counsel graciously agreed to reset the depositions for May 12 and 13, 2005. (Id.) Several hours before the depositions were to take place, however, Givens cancelled the depositions. Givens's action was again at defendant's expense as its attorney had flown from California to Maryland before Givens informed him that the depositions would not occur.

On May 17, 2005, Givens's counsel filed a motion to withdraw her appearance; on May 31, 2005, Givens's new attorney entered his appearance. Prime Office Products filed its motion for summary judgment only a few days before that, on May 27, 2005. Givens then filed his motion for leave to file an opposition to defendant's motion for summary judgment, despite the expiration of the deadline for such a response. In his motion and more clearly in his reply, Givens also asks the court to reopen discovery.

## ANALYSIS

As Prime Office Products does not object to a reasonable time extension for plaintiff to file an opposition to the motion for summary judgment, and the court finds it reasonable and fair to allow Givens an opportunity to respond to the defendant's motion, his request to file an opposition brief will be granted. (Def.'s Opp'n to Pl.'s Mot. at 2.)

Reopening discovery, on the other hand, would prejudice Prime Office Products, which has already spent considerable time and money on this litigation. In addition, reopening discovery would unfairly allow Givens another attempt to find support for his claim when he had ample opportunity previously. See Sturdivant v. Medical Engineering Corp., 121 F.R.D. 51, 52 (D.Md. 1988). First, Prime Office Products was prepared to produce the driving records and personnel files of its drivers subject to a protective order that ensured that the privacy of these documents would be protected. Givens refused to sign the order. Second, Givens refused to

2

conduct the depositions of the officers or agents of Prime Office Products. In his reply brief, Givens explains that he cancelled the depositions at the last minute because he had not received any documents pursuant to his document requests. (Givens' Reply at ¶ 5.) Under Local Rule 104.3, however, "[u]nless otherwise ordered by the Court, the existence of a discovery dispute as to one matter does not justify delay in taking any other discovery." Thus, Givens's cancellations of the depositions are not excusable.

For the reasons stated above, the court will grant Givens's motion to respond to the defendant's motion for summary judgment but will deny his request to reopen discovery.

A separate order follows.

<u>August 10, 2005</u>                              /s/_____
Date                                              Catherine C. Blake
                                                  United States District Judge